1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

> **FILED**
>
> Mar 12 2024
> Mark B. Busby
> CLERK, U.S. DISTRICT COURT
> NORTHERN DISTRICT OF CALIFORNIA
> SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARLOS HERNANDEZ,

Petitioner,

v.

STEVE SMITH, Warden,

Respondent.

Case No.  24-cv-01295-TSH

**ORDER TO SHOW CAUSE;
GRANTING LEAVE TO PROCEED *IN
FORMA PAUPERIS***

Re: Dkt. No. 6

Petitioner, an inmate at Pleasant Valley State Prison,[1] has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2020 conviction from Santa Clara County Superior Court.  Dkt. No. 1.  His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner's request to proceed *in forma pauperis* is GRANTED.  Dkt. No. 6.

## DISCUSSION

**A.      Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

---

[1] In accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to substitute Warden Steve Smith as respondent because he is Petitioner's current custodian.

**B.      Order to Show Cause**

In 2020, Petitioner was convicted by a jury in Santa Clara County Superior Court of two counts of special-circumstance murder and other felonies with true findings on related criminal street gang and firearm-use enhancements. *See People v. Hernandez*, C No. B 322539, 2023 WL 382957, at *1 (Cal. Ct. App. Jan. 25, 2023), *as modified on denial of reh'g* Feb. 6, 2023; Dkt. No. 1 at 2. The state appellate court reversed the conviction for active gang participation and the true findings on the gang enhancements, vacated Petitioner's sentence, and remand the case to the trial court to give the People an opportunity to retry the gang offense and/or gang enhancements under the law as amended by Assembly Bill 333 or for the trial court to resentence Petitioner "consistent with all recently enacted ameliorative legislation." *Hernandez*, 2023 WL 382957, at *1. The state appellate court affirmed the conviction in all other respects. *Id.* The state supreme court denied the petition for review in 2023. Dkt. No. 1 at 2. Petitioner reports that he has not sought state collateral relief. Dkt. No. 1 at 4.

The petition alleges the following claims for federal habeas relief: (1) instructional error for failing to include in the "complete self-defense" instruction that "someone who has been threated or harmed by a person in the past, is justified in acting more quickly or taking greater self-defense measures against that person," in violation of *Sandstrom v. Montana*, 442 U.S. 510 (1979), and the Fifth, Sixth, and Fourteenth Amendments; (2) instructional error for failing to include in the "imperfect self-defense" instruction that "someone who has been threated or harmed by a person in the past, is justified in acting more quickly or taking greater self-defense measures against that person," in violation of *Sandstrom v. Montana*, 442 U.S. 510 (1979), and the Fifth, Sixth, and Fourteenth Amendments; (3) the giving of CALCRIM 571 violated *Sandstrom v. Montana*, 442 U.S. 510 (1979), and the Fifth, Sixth, and Fourteenth Amendments because it failed to tell the jury that imperfect self-defense could apply if a defendant, who otherwise properly exercised self-defense, used more force than was reasonably necessary; (4) the trial court erred in failing to instruct that with respect to a charge of shooting at an inhabited house, Cal. Penal Code § 246, that someone who has been threated or harmed by a person in the past, is justified in acting more quickly or taking greater self-defense measures against that person;" (5) the trial court erred

United States District Court
Northern District of California

United States District Court
Northern District of California

1    in denying Petitioner's *Brady* claim regarding the concealment of evidence of pathologist Dr.

2    Jorden's bias and in allowing Dr. Jorden to speculate as to the victims' positions when they were

3    shot; (6) the trial court erred in denying the motion to bifurcate the guilt phase and the gang

4    enhancement charges, in violation of *Weaver v. Mass.*, 582 U.S. 286 (2017); and (7) cumulative

5    error. *See generally* Dkt. No. 1.  Liberally construed, the petition states cognizable claims for

6    federal habeas relief, and merits an answer from Respondent.  *See Zichko v. Idaho*, 247 F.3d 1015,

7    1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus

8    liberally).

9    **CONCLUSION**

10    For the foregoing reasons, the Court orders as follows.

11    1.    The Clerk shall serve electronically a copy of this order upon the respondent and

12    the respondent's attorney, the Attorney General of the State of California, at the following email

13    address:  SFAWTParalegals@doj.ca.gov.  The petition and the exhibits thereto are available via

14    the Electronic Case Filing System for the Northern District of California.  The Clerk shall serve by

15    mail a copy of this order on Petitioner.

16    2.    The Court GRANTS Petitioner's request to proceed *in forma pauperis*.  Dkt. No. 6.

17    3.    In accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the Federal Rules of

18    Civil Procedure, the Clerk of the Court is directed to substitute Warden Steve Smith as respondent

19    because he is Petitioner's current custodian.

20    4.    Respondent shall file with the Court and serve on Petitioner, within **ninety-one**

21    **(91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

22    Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted

23    based on the claim(s) found cognizable herein.  Respondent shall file with the answer and serve on

24    Petitioner all documents that are relevant to a determination of the issues presented by the petition.

25    If Petitioner wishes to respond to the answer, he shall do so by filing a reply with the Court

26    and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

27    5.    Respondent may file, within **ninety-one (91) days**, a motion to dismiss on

28    procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of

the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

6.      Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

7.      Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

This order terminates Dkt. No. 6.

**IT IS SO ORDERED.**

Dated:  March 12, 2024

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

4