United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARLOS HERNANDEZ,

Petitioner,

v.

TEAUNA MIRANDA, WARDEN,

Respondent.

Case No. 24-cv-01295-WHO (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO ABSTAIN;**

**ORDER OF DISMISSAL**

Dkt. No. 28

**INTRODUCTION**

Petitioner Carlos Hernandez asks for federal habeas relief under 28 U.S.C. § 2254 from his 2020 California state convictions for murder and other crimes. Respondent seeks dismissal under *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), on grounds that Hernandez's convictions were not final when he filed his federal habeas action; criminal proceedings related to the 2020 convictions are ongoing. (Motion to Abstain, Dkt. No. 28.)

All the elements of *Younger* are present here: Hernandez's sentence was reversed on direct appeal and remanded to the superior court for possible retrial, initiating criminal proceedings which have not yet concluded; state criminal proceedings implicate important state interests; there are adequate opportunities for Hernandez to raise constitutional challenges in the state proceedings; and, adjudicating the federal petition would have the practical effect of enjoining or mooting state proceedings. Accordingly, respondent's motion to abstain is GRANTED, and this federal habeas action is DISMISSED without prejudice.

United States District Court
Northern District of California

## BACKGROUND

In 2019, Hernandez was convicted by a jury in the Santa Clara County Superior Court of two counts of first degree murder (counts 1 and 2), possession of a firearm by a felon (count 3), participation in a street gang (count 4), and shooting at an inhabited dwelling (count 5). (Motion to Abstain, State Appellate Opinion, Dkt. No. 28-1 at 4, 11.) The jury found true enhancement allegations of gang participation (counts 1-3 and 5), firearm possession (count 3), and firearm use (counts 1, 2 and 5). (*Id.*) It also found true the special circumstances of discharging a firearm from a motor vehicle intentionally inflicting death, and multiple murders. (*Id.*) The trial court found that Hernandez had two prior serious felony convictions that qualified as strike priors. (*Id.*) In 2020, the trial court imposed a sentence of life in prison without the possibility of parole, plus a consecutive term of 115 years to life. (*Id.*)

In January 2023, the state appellate court, on direct review, reversed the gang participation conviction (count 4) and the gang enhancements (counts 1-3 and 5), but otherwise affirmed the judgment:

> Hernandez's gang participation conviction (count 4) and the true findings on the gang enhancements are reversed. The sentence imposed following trial is vacated. The cause is remanded to provide the People an opportunity to retry the gang participation offense and the criminal street gang enhancements. If the People elect not to do so, Hernandez is to be resentenced in a manner that is consistent with this opinion and with the terms of all applicable ameliorative legislation.

(*Id.* at 26.) The state supreme court denied his petition for review. (*Id.*, California Supreme Court Order, Dkt. No. 28-1 at 31.) The parties agree that state criminal proceedings are ongoing in the state superior court. Hernandez contends that the proceedings are futile and that they present no bar to this federal habeas action going forward. (*Id.*, Dkt. No. 28-1 at 32-77; Opp., Dkt. No. 2.)

## DISCUSSION

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings absent extraordinary circumstances (such as bad faith

2

United States District Court
Northern District of California

or harassment).  *Younger v. Harris*, 401 U.S. 37, 43-54 (1971).  *Younger* abstention is appropriate when (1) there is "an ongoing state judicial proceeding," (2) those "proceedings implicate important state interests," and (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges."  *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).  A fourth requirement has been articulated by the Ninth Circuit:  that "the federal court action would enjoin the state proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves."  *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).  "Where *Younger* abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended.  To the contrary, *Younger* abstention requires dismissal of the federal action."  *Beltran v. State of California*, 871 F.2d 777, 782 (9th Cir. 1988).

Abstention is appropriate here because all *Younger* abstention requirements are met. Hernandez's state criminal proceedings are ongoing, which satisfies the first *Younger* element.  The reversal of Count 4 required further criminal proceedings, and Hernandez's final sentence remains in doubt.  It was vacated in its entirety by the state appellate court in 2023:  "The sentence imposed following trial is vacated."  And, "[f]inal judgment in a criminal case means sentence.  The sentence is the judgment."  *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)).  When Hernandez filed his federal habeas petition in 2024, there was no final judgment.[1]  Case law supports the application of *Younger* abstention under such circumstances.  *Beltran v. State of California*, 871 F.2d 777, 782 (9th Cir. 1988) ("*Younger* abstention requires that the federal courts abstain when state court proceedings were ongoing at the time the federal action was filed.");  *Buchanan v. Gamboa*, No. 2:23-cv-2731 DJC AC P, 2024 WL

---

[1] The lack of a final judgment also means that there is no judgment to be challenged under section 2254.  *See* 28 U.S.C. § 2254 (a federal court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court.").

1743024, at *1-3 (E.D. Cal. Apr. 23, 2024) (habeas action dismissed under *Younger* because state resentencing proceedings was pending when federal action was filed); *Fox v. Clark*, 21-cv-04993-JD, Dkt. No. 20 (N.D. Cal. Jan. 22, 2024) (same).

State criminal proceedings implicate important state interests for *Younger* purposes under its second element. *See Younger*, 401 U.S. at 46 (the Supreme Court has recognized a "fundamental policy against federal interference with state criminal prosecutions"); *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.")  The state's trial, appellate and post-conviction review process provides an opportunity for consideration of federal constitutional questions, which satisfies *Younger*'s third element.  "[A]bstention is appropriate unless state law clearly bars the interposition of the constitutional claims." *Moore v. Sims*, 442 U.S. 415, 426 (1979).

Granting Hernandez habeas relief here in federal court — invalidating his convictions or sentence and releasing him from confinement — would have the practical effect of mooting or enjoining the ongoing appeal.  This is exactly the sort of interference disapproved of by *Younger*. *SJSVCCPAC*, 546 F.3d at 1092.  Nothing suggests that there are extraordinary circumstances requiring this court's interference in state court proceedings. *Younger* abstention is applicable.

Hernandez's contentions in his opposition are unpersuasive.  He calls the superior court hearings a "red herring." (Opp., Dkt. No. 29 at 2.)  He contends that a hearing, if held, would merely allow the state to "continue another hearing on petitioner's 10-year (186.22) gang enhancement.  And as this honorable court is aware, petitioner is already serving a sentence of life without parole[] (LWOP) so the entire act would be futile, if it even occur[r]ed." (*Id.*)  The dispositive point is, as Hernandez admits, state criminal proceedings are ongoing, however futile he may think them.  And while, as he contends, only Count 4 (the gang enhancement) was reversed, the state appellate court undeniably

United States District Court
Northern District of California

vacated his entire sentence: "The sentence imposed following trial is vacated."

Hernandez's request for a stay rather than dismissal is denied. (*Id.* at 4.) He cites *Duke v. Gastelo*, 64 F.4th 1088 (9th Cir. 2023) in support, a case discussed by respondent in his abstention motion and his reply. In *Duke*, a petitioner filed a federal habeas action after his direct appeal and state habeas proceedings had concluded, but while he still had a pending state resentencing petition filed under California Penal Code § 1172.6. *Id.* at 1090. The district court denied Duke's motion for a stay and dismissed the petition on *Younger* abstention grounds. *Id.* The Ninth Circuit reversed on grounds that the third *Younger* factor was not met here. "Duke did not seek to enjoin or interfere with the § 1172.6 state-court proceeding, and because he cannot litigate his constitutional claims in that state-court action, the test for *Younger* abstention was not satisfied." *Id.*

Section 1172.6 imposed a state statutory restriction on what grounds could be raised—that is not the situation here. *Duke* is not applicable. Unlike the petitioner in *Duke*, Hernandez's convictions are not final and the state's trial, appellate and post-conviction review process provides an opportunity for consideration of federal constitutional questions.

Respondent's motion to abstain is granted and the petition dismissed.

## CONCLUSION

Respondent's motion to abstain is GRANTED, and this federal habeas action is DISMISSED without prejudice. Hernandez should be aware that there is a one-year statute of limitations for the filing of a federal petition for writ of habeas corpus, calculated from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(A)(1). He is cautioned to act diligently to return to federal court with his new petition after he is resentenced and any direct appeal from the resentencing concludes. The statute has not yet started, of course, because the judgment in his criminal case is not yet final. See id.

5

The Clerk shall terminate all pending motions, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** January 30, 2026



WILLIAM H. ORRICK
United States District Judge